```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

          JUL - 1 2009

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FERRILL J. VOLPICELLI,                          )
                                                )
                Petitioner,                     )      3:08-cv-0212-BES-VPC
                                                )
vs.                                             )      **ORDER**
                                                )
JACK PALMER, *et al.*,                          )
                                                )
                Respondents.                    )
_____/

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Before the Court are respondents' motion to dismiss (Docket #15), petitioner's opposition (Docket #18), and respondents' reply (Docket #19).

## I.    Procedural History

On December 12, 2003, petitioner was sentenced in the Second Judicial District Court, Case No. CR 02-0147, to a term of 12 to 48 months in the Nevada Department of Corrections for indecent exposure, with a concurrent sentence of 12 to 48 months for open or gross lewdness.  (Exhibit 1).[1]

On February 11, 2004, petitioner was sentenced in the Second Judicial District Court, Case No. CR 02-0148, to 12 to 48 months, to be served consecutively to the sentence

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #16.

1  imposed in Case No. CR 03-1263, for aiding and abetting in the commission of attempting to

2  obtain money by false pretenses.  (Exhibit 2).

3      On April 1, 2004, the state district court adjudicated petitioner a habitual criminal and

4  sentenced him in Case No. CR 03-1263, to two consecutive terms of 10 years to life, to run

5  consecutively to the sentences imposed in Case No. CR 02-0147 and CR 02-0148.  (Exhibit

6  3).  The court sentenced petitioner in Case No. CR 03-1263, to 12 months in the county jail

7  on Count I, conspiracy to commit crimes against property; 8 concurrent terms of life with the

8  possibility of parole on Counts 2 through 8, burglary, to be served concurrently to Count I; and

9  one term of life with the possibility of parole after ten years on Count 10, unlawful possession,

10  making, forgery or counterfeiting of inventory pricing labels, to be served consecutive to

11  Counts 1 through 9.  (Exhibit 3).

12      On April 25, 2008, the Nevada Supreme Court ordered the state district court to amend

13  the judgment in Case No. CR 02-148 to strike the provision imposing a sentence consecutively

14  to a sentence which had not yet been imposed – the sentence in Case No. CR 03-163.

15  (Exhibit 37).

16      On May 22, 2008, the state district court amended the judgment of conviction in Case

17  No. CR 02-148 and struck the provision of the sentence that ordered the sentence to run

18  consecutively to the sentence in Case No. CR 03-163.  (Exhibit 36).

19      On January 6, 2008, the Nevada Department of Corrections' Offender Management

20  Coordinator conducted a time audit on petitioner's sentence following the filing of the amended

21  judgment of conviction in Case No. CR 02-148 filed on May 22, 2008.  (Exhibit 38).  As a

22  result, the sentence in CR 02-148 was restructured to run concurrently with petitioner's

23  sentence in Case No. CR 02-147.  (Id.).

24      As a result of the restructuring, petitioner expired the maximum term of the sentences

25  in Case No. CR 02-147 on March 18, 2006.  (Id.).  Additionally, as a result of the restructuring,

26  ///

2

1 petitioner expired the maximum term of the sentence imposed in Case No. CR 02-148 on

2 November 2, 2006.  (*Id.*).

3    Petitioner began serving his concurrent life sentences on Counts 2 through 9 in Case

4 No. CR 03-1263, on November 3, 2006, the day following the day he expired his maximum

5 sentence in Case No. CR 02-148.  (*Id.*).

6    Petitioner mailed the instant federal habeas petition to this Court on April 16, 2008.

7 (Docket #8). Petitioner alleges that he was denied due process when certain time credits were

8 revoked on the basis of insufficient evidence.  (*Id.*).  Petitioner alleges that on or about May

9 12, 2005, the NDOC notified him by written charges that he committed a major violation of the

10 NDOC Code of Penal Discipline.  Petitioner alleges that he was found guilty of the charges

11 pursuant to a disciplinary hearing conducted by the NDOC.  (*Id.*).  After the hearing and

12 appeals process within the NDOC, petitioner alleges that the NDOC unlawfully deprived him

13 of 59 good-time credits.  (*Id.*).

14    Petitioner challenged the disciplinary action in a habeas petition filed in the state district

15 court on June 27, 2006.  (Exhibit 4).  On December 18, 2007, the district court denied the

16 petition.  (Exhibit 23).  On January 2, 2008, petitioner appealed.  (Exhibit 25).  On April 7,

17 2008, the Nevada Supreme Court affirmed the judgment of the state district court.  (Exhibit

18 34).  Remittitur was issued on May 2, 2008.  (Exhibit 35).

19 **II.    Discussion**

20    Respondents move to dismiss the petition on the grounds that it is moot and that the

21 petition is successive.  (Docket #15).

22    Article II, Section 2 of the United States Constitution provides that the "exercise of

23 judicial power depends on the existence of a case or controversy." *See Liner v. Jafco, Inc.*,

24 375 U.S. 301, 306, n.3 (1964).  "The case or controversy requirement subsists through all

25 stages of federal judicial proceedings, trial and appellate . . . the parties must continue to have

26 a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S.

3

472, 477-78 (1990) (internal quotations omitted).  Mootness occurs when there is no longer a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The question of mootness must be resolved by the federal court before it assumes jurisdiction.  *Henry v. Mississippi*, 379 U.S. 443, 447 (1965); *North Carolina v. Rice,* 404 U.S. 224, 246 (1971); *Liner v. Jafco*, 375 U.S. at 304.

Once a prisoner's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequences" of the conviction – must exist if the action is to be maintained.  *Spencer v. Kemna*, 523 U.S. at 7.  A petitioner in a federal habeas action must either demonstrate injury-in-fact or fall within those categories of cases where collateral consequences are presumed.  *Id.*

A challenge to a petitioner's sentence, as opposed to the conviction itself, becomes moot once the sentence is completed.  *U.S. v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999).  Collateral consequences will not be presumed in the context of prison disciplinary proceedings.  *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003).

The Supreme Court has drawn a distinction between cases attacking the underlying conviction and cases attacking the calculation of a sentence.  "Nullification of a conviction may have important benefits for a defendant, as outlined above, but urging in a habeas corpus proceeding the correction of a sentence already served is another matter."  *Rice*, 404 U.S. 248.  Although it has been presumed that collateral consequences exist when the underlying conviction is being attacked, the U.S. Supreme Court has been unwilling to extend his presumption to other cases, such as where the petitioner was attacking a parole revocation.  *Spencer*, 523 U.S. at 8.  A petitioner challenging a sentence that has already been served, as opposed to the underlying conviction, is required to allege and prove a concrete "injury-in-fact."  *Spencer*, 523 U.S. at 8, 14.

Petitioner's instant habeas petition was filed after his sentences expired in Case Nos. CR 02-147 and CR 02-148.  As such, petitioner's claims in the instant federal habeas petition

4

1   are moot. *See Palomba*, 182 F.3d at 1123.  Petitioner began serving his life sentences in

2   Case No. CR 03-1263 long before he filed the instant federal habeas petition.  Petitioner

3   attacks only the calculation of the expired sentences in Case Nos. CR 02-147 and CR 02-148.

4   Therefore, collateral consequences are not presumed, but must be alleged and proven by

5   petitioner. *Spencer*, 523 U.S. at 8, 14.  Petitioner fails to allege any concrete injury-in-fact in

6   his petition.  Petitioner's challenge to his disciplinary hearing does not create the type of

7   collateral consequences necessary to avoid mootness. *Wilson v. Terhune*, 319 F.3d 477, 481

8   (9th Cir. 2003).

9        The consequences of petitioner's disciplinary hearing and credit forfeiture have no

10  lingering effect on the length or expiration of the life sentences that petitioner is currently

11  serving in Case No. CR 03-1263.  Petitioner argues that he might suffer delayed parole

12  eligibility under his life sentences in CR 03-1263.  Delayed parole eligibility is not a sufficient

13  collateral consequence because parole eligibility is a discretionary act of grace of the State.

14  *See* NRS 213.10705.  In *Maleng v. Cook*, 523 U.S. 1 (1998), the Supreme Court expressly

15  excluded non-statutory discretionary acts of the State as potential collateral consequences to

16  overcome mootness. *Maleng*, 523 U.S. at 14.  Delayed parole eligibility cannot constitute a

17  collateral consequence to overcome mootness.  Whether petitioner would be successful at any

18  parole hearing is purely speculative.  There can be no concrete injury-in-fact, which is required

19  to avoid mootness. *See Spencer*, 523 U.S. at 8, 14.  As such, any delayed consideration for

20  parole does not constitute a collateral consequence to overcome mootness of the instant

21  federal habeas petition.[2]

22  **III.    Certificate of Appealability**

23       In order to proceed with his appeal, petitioner must receive a certificate of appealability.

24  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946,

25

26       [2] Because this Court finds that the issue of mootness disposes of the petition, respondents' argument that the instant petition is successive under 28 U.S.C. § 2244 is not addressed.

1   950-951 (9th Cir. 2006); see also United States v. Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001).

2   Generally, a petitioner must make "a substantial showing of the denial of a constitutional right"

3   to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

4   U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find

5   the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting

6   Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden

7   of demonstrating that the issues are debatable among jurists of reason; that a court could

8   resolve the issues differently; or that the questions are adequate to deserve encouragement

9   to proceed further. Id.

10        This Court has considered the issues raised by petitioner, with respect to whether they

11   satisfy the standard for issuance of a certificate of appealability, and determines that none

12   meet that standard. The Court will therefore deny petitioner a certificate of appealability.

13   **IV.    Conclusion**

14        **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #15) the

15   petition on the grounds of mootness is **GRANTED.** The petition is **DISMISSED WITH**

16   **PREJUDICE.**

17        **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

18   **ACCORDINGLY.**

19        **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

20   **APPEALABILITY.**

21        DATED: This 1st day of July, 2009.

22

23                                                  UNITED STATES DISTRICT JUDGE

24

25

26

6